**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Alisha Phillips and<br>Marshall Phillips, | Civil No. 08-4419 (DWF/JJG) |
| Plaintiffs, | |
| v. | **MEMORANDUM**<br>**OPINION AND ORDER** |
| Messerli & Kramer, P.A.;<br>Brian A. Chou; Christine Doe;<br>Erin Doe; and Sarah Doe, | |
| Defendants. | |

___

Samuel J. Glover, Esq., Samuel J. Glover & Associates, LLC, counsel for Plaintiffs.

Derrick N. Weber, Esq., and Truman W. Schabilion, Esq., Messerli & Kramer, P.A., counsel for Defendants.

___

# INTRODUCTION

This matter is before the Court on the motion of Defendants Messerli & Kramer, P.A. ("Messerli") and Brian A. Chou ("Chou," and together with Messerli, the "Defendants") requesting that this Court certify four questions of law to the Minnesota Supreme Court. Plaintiffs Alisha and Marshall Phillips ("Plaintiffs") oppose the motion. For the reasons set forth below, the Court denies Defendants' motion.

# BACKGROUND

This action arises from collection efforts Messerli undertook to collect a debt from Alisha Phillips. After obtaining a default judgment against Alisha Phillips, Messerli

served a third-party levy upon Wells Fargo Bank and attached $2,530.32 in a joint bank account she held with her husband, Marshall Phillips. Marshall Phillips alleges that Defendants wrongfully levied upon funds in the account belonging to him.[1] Defendants previously moved to dismiss Plaintiffs' complaint on numerous grounds. This Court denied Defendants' motion to dismiss in its Memorandum Opinion and Order dated November 20, 2008 (the "November 20 Order"). (Doc. No. 14.)

Messerli and Chou now request that this Court certify four questions of law to the Minnesota Supreme Court:

1. Under Minnesota Statutes section 524.6-203(a), when a creditor's levy, garnishment, or other method of attachment reaches a multiparty account, which party or parties bear the burden of proving that the account is jointly held?

2. When a creditor's levy, garnishment, or other method of attachment reaches a multiparty account, which party or parties bear the burden of proving the relative contributions to the account?

3. If the depositors bear that burden and fail to meet it in state court, may they commence a separate action in federal court addressing the same issues?

4. When a person who is not a debtor alleges an interest in the funds in the account, and fails to prove his or her interest in state court, may he or she commence a separate action in federal court addressing the same issues?

Defendants contend that these questions are essential to the determination of this case and that the questions involve unsettled and novel questions of Minnesota law. Plaintiffs argue directly the opposite, asserting that these questions are not essential to the ultimate

---

[1] Plaintiffs have asserted other claims as well, but this claim is the most relevant to the subject of the present motion.

determination of the action, have already been answered by this Court, or turn on settled legal principles.

## DISCUSSION

### I. Legal Standard

The Minnesota Supreme Court "may answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling [state] appellate decision, constitutional provision, or statute." Minn. Stat. § 480.065, subd. 3. The determination as to whether to certify a question "rests in the sound discretion of the federal court." *Lehman Brothers v. Schein,* 416 U.S. 386, 391 (1974). Though certification may "in the long run save time, energy, and resources and helps build a cooperative judicial federalism," it is not obligatory even when state law is in doubt. *Id*. at 390-91. A federal court's "most important consideration" in deciding whether to certify a question to a state court is whether it "finds itself genuinely uncertain about a question of state law." *Johnson v. John Deere Co., a Division of Deere & Co.,* 935 F.2d 151, 153 (8th Cir. 1991) (quoting *Tidler v. Eli Lilly & Co.,* 851 F.2d 418, 426 (D.C. Cir. 1988)). Absent a "'close' question of state law or the lack of state sources a federal court should determine all the issues before it." *Id.* at 154 (citing *Perkins v. Clark Equip. Co.,* 823 F.2d 207, 209 (8th Cir. 1987)).

### II. Proposed Questions 1 and 2

The first two questions of law presented for certification by Defendants relate to determining which party bears the burden to show that an account levied, subject to

3

garnishment, or otherwise attached, was a joint account and the relative contributions to the account of any depositors.[2] Defendants argue that determining the party that bears these burdens is essential to this action and that these are unsettled questions of law. More particularly, Defendants contend that no clear answer exists under the Minnesota Multiparty Accounts Act and the Minnesota Supreme Court's interpretation of that statute in *Enright v. Lehman*, 735 N.W.2d 326 (Minn. 2007), and, therefore, certification is appropriate. The Court disagrees.

First, the Court concludes it is able to determine the relative burdens of proof to be sustained by the parties in this case without certification. Marshall Phillips has alleged that Defendants wrongfully levied upon his funds held within a joint account, resulting in a conversion. As the Court noted in its November 20 Order, conversion is an act of willful interference with personal property that deprives another of its use and possession without lawful justification. *DLH, Inc. v. Russ,* 566 N.W.2d 60, 71 (Minn. 1997). The elements of common-law conversion are: (1) the plaintiff has a property interest; and (2) the defendant deprived the plaintiff of that property interest. *Lassen v. First Bank Eden Prairie,* 514 N.W.2d 831, 838 (Minn. Ct. App. 1994). Therefore, Marshall Phillips will bear the burden to show that he had a property interest in funds upon which the Defendants levied and that Defendants' levy deprived him of that interest. The allocation of this burden to a plaintiff alleging conversion is not unclear, in doubt, or unsettled.

---

[2]   Proposed questions 1 and 2 share a common underpinning, as do questions 3 and 4. Therefore, the Court considers questions 1 and 2 together and questions 3 and 4 together.

4

Further, the legal theory on which Marshall Phillips relies is not novel; Minnesota has recognized a tort of conversion by wrongful levy for over 100 years. *See Lesher v. Getman,* 15 N.W. 309, 310 (Minn. 1883) (alleging conversion by wrongful levy); *Lundgren v. W. State Bank of Duluth,* 250 N.W. 1, 1 (Minn. 1933) (alleging conversion by wrongful levy).

Second, though Marshall Phillips' right to funds in the joint account may be established by the Minnesota Multiparty Accounts Act, the Court does not agree that there are determinative, unsettled questions of law under that statute that would require certification. The Multiparty Accounts Act applies to "controversies between [joint account holders] and their creditors and other successors." Minn. Stat. § 524.6-202. Under the Multiparty Accounts Act "[a] joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent." Minn. Stat. § 524.6-203. The statute does not entail such significant ambiguity that the Court finds itself sufficiently uncertain of the interpretation to warrant certification. The Minnesota Supreme Court has itself stated that the Multiparty Accounts Act establishes a "clear standard for determining ownership of funds." *Enright*, 735 N.W.2d at 332.

Third, the Multiparty Accounts Act does not evidence conflicting public policy aims. *See Hatfield v. Bishop Clarkson Mem'l Hosp.*, 701 F.2d 1266, 1267 (8th Cir. 1983) (noting that certification is proper where state law is in doubt, especially as to public policy underlying state law, or when there are conflicting public policy aims involved in state statutes). The Minnesota Supreme Court stated in *Enright* that the Multiparty

Accounts Act "provides some measure of protection for assets in a joint bank account from creditors of either party." 735 N.W.2d at 332.  The court further noted that joint accounts are considered a simple and inexpensive way to transfer money from a decedent to a surviving joint owner, but that this benefit would be lost if creditors of either party could reach any of the funds in such an account. *Id*.  Therefore, the Minnesota Supreme Court has clearly articulated that the underlying policy of the Multiparty Accounts Act is the protection of funds in a joint account belonging to a non-debtor account holder.  The Multiparty Accounts Act also does not conflict with a public policy favoring repayment of debt to creditors because the funds protected from garnishment or levy under the statute do not belong to the debtor and a creditor's judgment against a debtor does not entitle it to levy, garnish, or otherwise attach a non-debtor's funds.

Fourth, principles of comity and a preference for uniformity of interpretation do not require certification.  Defendants argue that certification of their proposed questions 1 and 2 is appropriate because the Multiparty Accounts Act is a uniform law, uniform laws should be interpreted uniformly, and this Court's November 20 Order was contrary to interpretations by courts in other jurisdictions.  Defendants contend it is unlikely that the Minnesota Legislature intended a non-uniform interpretation and that this Court's non-uniform interpretation merits the certification of these questions to the Minnesota Supreme Court.  This argument is unavailing for several reasons.

In its November 20 Order, this Court held that the burden to show a depositor's intent regarding funds held in a joint account falls to the creditor seeking to levy upon those funds and, therefore, that this burden to show the depositor's intent did not fall to

6

Marshall Phillips. This holding was mandated by the Minnesota Supreme Court's unequivocal allocation of this burden to the creditor in *Enright*.[3] 735 N.W.2d at 328, 331, 336. To the extent that this Court has already researched and decided a question of law raised by Defendants' motion to dismiss, it is unlikely to retread the same ground simply because Defendants present their request under an alternatively titled motion.

Further, Defendants' first two proposed questions are based on their underlying contention that burdens related to ownership of joint accounts are more properly allocated to the account holders, rather than to the creditor executing upon the account. Defendants cite cases from other jurisdictions in support of this argument, but the cited cases do not persuade the Court that certification for the sake of comity or uniformity is necessary.

Defendants cite the concurring opinion of a judge of the Indiana Court of Appeals in *Browning & Herdrich Oil Co., Inc. v. Hall*, in which the judge noted that the majority

---

[3] Defendants articulate the first two questions for which they seek certification as precursors to the question the Minnesota Supreme Court answered in *Enright*. Thus, Defendants contend that the allocation of the burden to show that an account is a joint account and to prove the net deposits of the joint account holders has not been determined, and that the burden on the creditor to prove the depositor's intent identified in *Enright* is only triggered after the answers to these two precursor questions have been decided. While it may be true that *Enright* did not specifically address these questions, certification of the Defendants' proposed questions to the Minnesota Supreme Court is not necessary to fill the gap. As noted above, to succeed in this action Marshall Phillips must prove that the Defendants converted his funds, which requires that he prove an interest in the funds upon which Defendants levied. The allocation of burdens to the parties in this case is clear. Defendants nonetheless contend that uncertainty exists amongst debt collection attorneys as to how to proceed with garnishment and levy actions in the wake of *Enright* and that certification of their proposed questions would provide guidance. The Minnesota garnishment and levy procedures are not squarely before this Court, however, and a determination of these questions in that context is best left to be developed by the Minnesota Legislature and state courts because the questions are not essential to this Court's determination in this case.

had not addressed the allocation of the burdens of proof between the account holder and the creditor seeking to attach funds in an account, and opined that the burden of proving the ownership of the funds should rest upon the depositors. 489 N.E.2d 988, 992-993 (Ind. Ct. App. 1986) (Ratliff, J. concurring). With due respect to the concurring judge, this Court is not persuaded that a concurring opinion of an appellate court judge in another state regarding an issue that the majority was not inclined to address creates sufficient uncertainty about Minnesota law or non-uniformity to warrant certification.

Defendants also cite an unreported decision of the United States District Court for the District of Nebraska, *Giove v. Stanko*, No. CV86-L-586, 1988 WL 80872 (D. Neb. July 20, 1988). *Giove* concerned the attachment of certificates of deposit ("CDs") by a creditor of the judgment debtor who had contributed the funds to the CDs. The CDs were also titled in the names of the contributor's children and the intervenor, the mother of the children, argued that the contributor intended for the funds to belong to the children so that the CDs would not be subject to attachment. The court held that the intervenor bore the burden to show such intent on the part of the contributor. *Giove*, 1988 WL 80872 at *9. The Minnesota Supreme Court, however, expressly rejected this holding in *Enright*. 735 N.W.2d at 328, 331, 336. Given that the Minnesota Supreme Court's decision disagrees with the reasoning in *Giove*, this Court considers this decision to be of limited value in deciding issues under Minnesota law and that neither comity nor a preference for uniformity compel certification.

Based on these considerations, the Court declines to certify proposed questions 1 and 2 to the Minnesota Supreme Court.

### III. Proposed Questions 3 and 4

Defendants' proposed questions 3 and 4 ask whether a party may commence an action in federal court regarding funds levied, garnished or otherwise attached in a joint account if that party has not proven an interest in the funds in state court. The Court also declines to certify proposed questions 3 and 4.

In its November 20 Order, this Court determined that Marshall Phillips was not barred from bringing suit against Defendants because he had not intervened in the garnishment action against his wife to prove his interest in the levied funds. The Court noted that Minnesota Statute section 551.04, subd. 16, permits a party claiming an "interest in any of the disposable earnings, other indebtedness, or money" which is the subject of a third-party levy to intervene in order to assert a claim to the funds and join in the execution, but the Court held this provision inapplicable to Marshall Phillips' circumstances. As the Court indicated, Marshall Phillips is not a creditor of Alisha Phillips with an interest in her funds upon which he wishes to execute. Rather, Marshall Phillips alleges that he had an interest in his own funds, funds which Defendants would not have been authorized to take pursuant to the judgment against Alisha Phillips, and that Defendants' levy upon these funds constituted conversion. The Court also indicated in its November 20 Order that Marshall Phillips, who was not a party in the state court proceeding against his wife, may proceed in this Court to assert his claim.[4] Therefore,

---

[4] The Court also previously held that Plaintiffs have stated a claim under the Fair Debt Collection Practices Act and, therefore, federal jurisdiction properly lies in this case.

the Court has, to a significant degree, already answered proposed questions 3 and 4 as they relate to this case. Certification is not appropriate to permit a party to re-litigate in another forum questions that have already been determined against them.

Further, Defendants' phrasing of proposed questions 3 and 4 indicate a presumption that mischaracterizes the procedure to attach funds permitted under the Multiparty Accounts Act. Defendants' proposed questions 3 and 4 ask whether a party alleging an interest in funds in a joint account must prove their ownership of the funds in the account in state court. As more clearly articulated during oral argument in this matter, Defendants' questions presuppose a procedural posture in which the creditor has already attached the funds in question and Defendants posited that this is a valid procedure. Indeed, Defendants asserted at the hearing before this Court that the funds in which Marshall Phillips asserted an interest were never returned because he did not prove his ownership of the funds.[5]

---

[5] Plaintiffs indicated at the hearing in this matter their understanding that many debt collection attorneys have, in the wake of *Enright*, instructed financial institutions not to attach funds in a joint account, lest they seize funds to which they are not entitled and become subject to suits such as this one. Defendants asserted that their levy notice to Wells Fargo Bank did exactly that because it indicated the bank should freeze only funds belonging to Alisha Phillips. Defendants' characterization is obviously inaccurate; had Defendants instructed the bank not to freeze funds in a joint account, only the funds held in Alisha Phillips' individual account would have been taken. Defendants also inaccurately stated that obtaining an injunction against joint account holders to prevent dissipation of funds in the account is an identical procedure to the freeze imposed upon Plaintiffs' funds in this case. Had Defendants sought an injunction, however, they would have been required to provide notice to Marshall Phillips.

As a practical matter, however, this structure puts the cart before the horse and reflects what this Court referred to in its November 20 Order as a "take now, ask questions later" approach. (Doc. No. 14 at 15.) Under the Multiparty Accounts Act, funds in a joint account that belong to a non-debtor may not be attached in the first place because a judgment against the debtor does not extend to those funds. Notwithstanding that, Defendants would place the burden upon the non-debtor joint account holder to prove his or her interest in such funds after the funds have already been taken. The Court does not read the Multiparty Accounts Act to permit this. Otherwise, a creditor could attach funds belonging to a party against whom no judgment exists, without affording the owner of the funds notice or an opportunity to be heard, and burden that party with the obligation to prove in court, at his or her own expense, an interest in funds the creditor never had a right to take. Particularly where, as in this case, the amount of money attached is small, the cost to the account holder to obtain return of the funds could exceed the amount of funds taken and could be quite onerous.[6]

To some degree, Defendants' procedure mirrors the back-and-forth process in which exemptions are proven in levy and garnishment cases. As noted in the Court's November 20 Order, a debtor against whom a creditor seeks to collect by levy or garnishment must notify the creditor that he or she claims an exemption for funds from

---

[6] The Court's characterization of the amount in controversy with respect to Marshall Phillips' conversion claim as "small" should not be taken to indicate the Court considers this claim insignificant or unimportant. The Court recognizes that, for many people, the sudden loss of any sum of money from a bank account could cause substantial disruption of their financial affairs.

certain sources.  *See* Minn. Stat. §§ 550.37, 550.38, 550.39.  As the Court indicated, however, exempt property is still property of the debtor and the creditor's judgment would extend to such property unless the debtor shows an exemption exists.  This concept and procedure would not apply where a party to a joint account claims an ownership interest under the Multiparty Accounts Act because, in that circumstance, the property at issue does not belong to the debtor and simply is not subject to attachment.  Further, a debtor claiming an exemption has received notice of the collection action, whereas a non-debtor joint account holder is not a party to such an action and has not been given notice.

The Court concludes that it has already largely answered proposed questions 3 and 4 as they relate to this case and that the Defendants phrasing of these questions implies a presumption that conflicts with the language of the Multiparty Accounts Act.  Further, the Court concludes that the applicable law is not so unsettled or novel as to create uncertainty in the Court's mind that would be sufficient to warrant certification.  Therefore, the Court declines to certify Defendants' proposed questions 3 and 4.

## CONCLUSION

The Court declines to certify the four questions proposed for certification to the Minnesota Supreme Court.  Therefore, Defendants' Motion to Certify Questions of Law to the Minnesota Supreme Court is denied.

Accordingly, **IT IS HEREBY ORDERED** that:

1.  The Defendants' Motion to Certify Questions of Law to the Minnesota Supreme Court (Doc. No. 32) is **DENIED**.


Dated:  April 20, 2009              s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    Judge of United States District Court